# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**ANGELA HOLLINGSHED JACKSON**                                    **PLAINTIFF**

**V.**                                                    **NO. 1:17CV00053-JMV**

**NANCY A. BERRYHILL**
*Acting Commissioner of Social Security*                          **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability, disability insurance benefits, and supplemental security income **for the period from August 26, 2013, through December 21, 2015**. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held April 26, 2018, the ALJ's assignment of "little weight" to the medical source opinions of Dr. Nathalie Lara (not including Dr. Lara's opinion that "[i]t is unlikely [the claimant] would be able to engage in gainful employment") is not supported by substantial evidence in the record. As pointed out during the hearing, the ALJ's decision contains inaccurate recitations of Dr. Lara's opinions, fails to acknowledge certain opinions, and ignores supporting evidence from Dr. Lara's treatment records.

On remand, the ALJ must recontact Dr. Lara for clarification regarding any of her medical source opinions, if necessary, *and* request a comprehensive assessment, function-by-function, of the claimant's ability to perform mental work activity based upon her treatment of the claimant for the relevant period. If the ALJ is unable to obtain a function-by-function assessment of the claimant's mental RFC from Dr. Lara after reasonable efforts, the ALJ must consult a medical advisor who must review the entirety of the medical evidence of record and provide an assessment of the claimant's mental RFC for the relevant period. The ALJ must consider the additional evidence along with all of the evidence in the file. And, if necessary, the ALJ must obtain supplemental vocational expert testimony. Ultimately, the ALJ may conduct any additional proceedings that are not inconsistent with this order and must render a new decision **for the period from August 26, 2013, through December 21, 2015**.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 27th day of April, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE